McKinney, J,,
delivered the opinion of the Court.
This was an action of ejectment, brought by Williams, to recover a tract of landlying in Shelby county* Verdict and judgment were for the deierdants.
The plaintiff’s title is a grant issued to him on the 1st of February, 1851, upon an entry made on the 27th of September, 1849. The defendants claim under an entry of 200 acres, made by George Ford and Wilson Sanderlin, of the same land; the original certificate of the survey of which, dated the 23d of November, 1833, was submitted as e.vidence to the jury. The plaintiff’s grant includes sixty-nine acres of the land embraced by said entry under which defendants claim — to recover which this action was brought.
It is not shown that, in point of faot, a grant ever issued on the entry to Ford and Sanderlin. But it is proved, that about the year 1831 — some twenty-six years before the commencement of the present action — George Ford entered into possession of said land, having purchased an improvement thereon from one Stuart, who was previously in possession; and that Ford, and those *697 holding by purchase under him, have had the exclusive, uninterrupted, and adverse possession of said land, claiming the same to the extent of the boundaries of said entry, from 1831, up to the commencement of this suit, on the 19th of January, 1857.
Upon this state of facts, his Honor instructed the jury, that they might presume a grant to the defendants, commensurate with the boundaries of said entry.
This instruction is supposed to be erroneous. The argument is, that the presumption of a grant was absolutely repelled, for the reason that, until after the passage of the act of Congress of 1841, no grant could, by law, have issued for this land, on the entry made by F<5rd and Sanderlin, in 1838; that the legal title was in the United States -up to 1841, when Tennessee was first empowered to dispose of it. This position is incorrect. There was a mode known to the law by which a grant might have been obtained for this land, long prior to the year 1841. Ever since the act of 1819, chapter 1, at least, the land might have been appropriated, and a grant obtained therefor, by virtue of a North Carolina land warrant. This was a familiar method of acquiring title to lands, south and west of the Congressional Reservation Line.
It is not indispensable, in order to lay a proper foundation for the legal presumption of a grant, to establish a probability of the fact, that, in reality, a grant ever issued. It will afford a sufficient ground for the presumption, to show, that, by legal possibility, a grant might have issued. And this appearing, it may be assumed — in the absence of 'circumstances repelling such conclusion — that all that might lawfully have been done to *698 perfect the legal title, was in fact done, and in the form prescribed by law.
But it is supposed that this principle cannot avail the defendants in the present case, because, as is alleged, the entry of Ford and Sanderlin was based upon an occupant right, and not upon a North Carolina warrant. How this matter is, does not certainly appear from the record — the entry itself not being set forth in the bill of exceptions. All that we have is the certificate of survey, which seems to. have been admitted as evidence instead of the entry; and that merely states, that it was made “by virtue of the occupant lawn” This is by no means conclusive of the fact assumed. It does not negative the possibility of an appropriation by a different method. A location under the occupant law, would not preclude the party from afterwards appropriating the same land by “warrant.”
To destroy the foundation of the presumption, it should appear that the issuance of a grant, in the given case, was a legal impossibility. The contrary of this, we have seen, is- established in the present case.
No objection can now be urged, that the entry itself was not produced on the trial; ■ that must be treated as having been waived — the objection not having been taken in proper form, and at the proper time.
Judgment affirmed.